UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TIMOTHY NOLAN,                          )
                                        )
        Plaintiff,                      )        Civil Action No. 3:19-CV-935-CHB
                                        )
v.                                      )
                                        )        **MEMORANDUM OPINION**
DAWN PATTERSON, RN et al.,              )        **AND ORDER**
                                        )
        Defendants.                     )

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on initial review of Plaintiff Timothy Nolan's *pro se*

complaint pursuant to 28 U.S.C. § 1915A.  For the reasons that follow, the Court will allow some

claims to continue, dismiss other claims, and allow Plaintiff to file an amended complaint

regarding his claim of denied medical treatment.

I.      **Summary of Claims**

Plaintiff is a state inmate currently incarcerated at Lee Adjustment Center (LAC).  He

brings this action pursuant to 42 U.S.C. § 1983 challenging his detention at Luther Luckett

Correctional Complex (LLCC). [R. 1]  He sues the following Defendants in their individual and

official capacities: 1) Dawn Patterson, RN, employed by WellPath; 2) WellPath, "Formerly

known as Correct Care Solutions"; 3) Rick Richards, "ARNP," employed by WellPath; 4) LLCC

Deputy Warden Laura Plappert; 5) LLCC Classification Chairman Paul Lembke; 6) Kentucky

Department of Corrections (KDOC) Program Administrator Jennifer Tracy; 7) LLCC Unit

Administrator Jennifer Bowersock; 8) LLCC Warden Scott Jordan; 9) KDOC Commissioner

Kathleen Kenney; 10) LLCC Chaplain Casey Heilman; 11) LLCC Unit Director Emily

Schofield; and 12) LLCC Specialty Coordinator Dagon Moon. [*Id.* at p. 1]

- 1 -

In the complaint, Plaintiff divides his claims into seven "Cause of Action" sections.  As his "First Cause of Action" [*id.* at pp. 3–5], Plaintiff alleges that he is "approximately seventy-two (72) years of age" and "has a history of having a lot of medical problems, including cancer, pituitary tumor, obesity, MI with stents, hypertension, tinnitus, etc…" [*Id.* at p. 3 (ellipsis in original)].  He reports that he has made requests for various referrals and tests based on numerous medical conditions and that those requests have been denied. [*Id.*]  Specifically, he reports seeking referrals to an endocrinologist, an orthopedic surgeon, a dermatologist, a cardiologist, and a urologist and further reports requesting an MRI, screening for cancer, a colonoscopy, and a C-pap. [*Id.* at pp. 3–5]  He reports that he went to see "health administrator, [Defendant Nurse] Patterson, four (4) times, which during the first three, she was on vacation, sick or off work.  The fourth time, she was in but stated that she did not want to discuss [his] problems." [*Id.* at p. 5]  Plaintiff reports filing a grievance, to which Defendant Patterson responded "that there was too many issues, this will need to go back to the grievance office." [*Id.*]  He indicates that he appealed the grievance denials and that Defendant Moon and non-Defendant Cookie Crews stated that he "needs to go by policy… He has a laundry list of issues." [*Id.* (ellipsis in original)].  He claims that Defendant Moon "is unfamiliar with the grievance policy that he is in charge of processing." [*Id.*]

As his "Second Cause of Action" [*id.* at pp. 5–6], Plaintiff asserts violations of the Rehabilitation Act of 1978 (RA) and of the Americans with Disabilities Act (ADA) for being denied "Honor Dorm Housing."  He alleges that his disability does not allow him to work and that because of this he is being denied meritorious housing. [*Id.* at p. 6]  He brings these claims against Defendants Schofield, Lembke, and Jordan. [*Id.* at pp. 5–6]

Regarding his "Third Cause of Action" [*id.* at pp. 6–7], Plaintiff alleges that Defendants Plappert, Lembke, Bowersock, and Tracy violated his Eighth Amendment rights.  He claims that Defendants Lembke and Bowersock classified him on September 30, 2019, at which time they placed "an override 1 for nature and severity of offense . . . making him medium custody and preventing [him] from being placed in a lower level security institution." [*Id.* at p. 6]  He reports appealing the classification to Defendant Plappert and requesting minimum custody, which she denied. [*Id.*]  He also reports appealing that denial to Defendant Tracy, who also denied his request. [*Id.*]  As relief he seeks to be "properly classified and housed at a minimum security facility or halfway house" [*id.* at p. 12], alleging that LLCC has been one of the "most dangerous prison[s]" in Kentucky. [*Id.* at p. 7]

Plaintiff also claims that he "reported that he was getting threaten [*sic*] and extorted by another inmate to U/A Jennifer Bowersock and she refused to do anything to protect him" and "allowed this to continue and when Plaintiff was forced to give the inmate his canteen, he received a disciplinary report that was ultimately dismissed." [*Id.*]  Plaintiff "asserts that being assaulted, Extorted, and threatened with a Unit Administrator refusing to help protect you meets the requirements [of] an atypical and significant hardship." [*Id.*]  He also alleges that this amounts to cruel and unusual punishment. [*Id.*]

With respect to the "Fourth Cause of Action" [*id.* at pp. 7–8], Plaintiff alleges that on April 4, 2019, he attempted to mail his reclassification appeal to Defendant Warden Jordan through "legal mail so it could be documented the appeal was timely filed." [*Id.* at p. 7]  He claims that Defendant Moon, the grievance coordinator, "said he was informed by Warden Scott Jordan that no mail is to be sent to him or any mail to any Official within the institution thru legal mail." [*Id.*]  Plaintiff alleges that not giving an inmate a way to verify time sensitive mail

violates due process. [*Id.* at p. 8]  He reports filing a grievance that was denied by Defendants

Deputy Warden Plappert, Warden Jordan, and Commissioner Kenney. [*Id.*]

The "Fifth Cause of Action" [*id.* at p. 9] is against Defendant Chaplin Heilman for

denying Plaintiff's request to participate in the "Inside Outside Dad's program."[1]  Plaintiff

claims that this denial "is effectively preventing him from receiving sentencing credits that other

inmates are allowed to earn as the program gives an inmate 90-days off his sentence upon

completion." [*Id.*]  Plaintiff alleges that Defendant Chaplin Heilman violated "his right to earn

sentencing credits[2] as well as his right to participate in programs." [*Id.*]

As the "Sixth Cause of Action" [*id.* at pp. 9–11], Plaintiff alleges that Defendants Moon,

Plappert, Jordan, and Kenney "are denying Plaintiff and all inmates at LLCC the right to the

Courts by not allow Inmates to research their own issues using Lexis Nexis." [*Id.* at p. 9]

Plaintiff claims that Defendant Moon advises that "Lexis Nexis is an internet Database that

requires a security clearance to use," which Plaintiff maintains is incorrect as other facilities

allow inmates to conduct their own research without help from anyone else. [*Id.* at p. 10]

Plaintiff asserts that "[i]nmates have a right to confidential access to Lexis Nexis and this

confidentiality agreement inmate legal Aides sign does not provide that." [*Id.* at p. 11]

Finally, as the "Seventh Cause of Action" [*id.* at p. 11], Plaintiff alleges that Defendants

Bowersock and WellPath "breached their duty owed to Plaintiff."  Regarding Defendant

Bowersock, he alleges that in refusing to take measures to correct the extortion/threats mentioned

---

[1] Plaintiff states that Defendant Chaplin Heilman informed him that his request to participate was rejected "because my case was sex related even though there is no certain criteria for participating in this program."  He asserts, referring to an exhibit [R. 1-1 p. 43, Ex. 23] attached to his complaint, that he is not convicted of a sex crime nor deemed a sex offender.  In another exhibit [R. 1-1 p. 44, Ex. 24A], Defendant Plappert indicates, "After further review of your record I have found that you are not, by statute, a sex offender.  But your convictions did involve minors.  I stand by the decision to reject your application for inside out dads."
[2] Plaintiff claims, "KRS Chapter 197 grants an inmate the right to earn sentencing credit to reduce his sentence so he can be released earlier."

above, she breached her duty to protect him. [*Id.*]  With respect to Defendant WellPath, Plaintiff

asserts that WellPath "is responsible for their employees actions and by their employees failing

to follow Doctors orders waives any immunity claim" and that WellPath "violated [it]s duty to

provide [medical] care to Plaintiff leading to his declining health." [*Id.*]

As relief, Plaintiff seeks compensatory and punitive damages and various forms of

injunctive relief. [*Id.* at p. 12]

## II.      Standard of Review

Because Plaintiff is a prisoner seeking relief against governmental entities, officers,

and/or employees, the trial court must review the complaint and dismiss the complaint, or any

portion thereof, if the court determines that it is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604

(6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as

frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a

claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A]

district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take

all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d

478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

(citations omitted)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of

the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

550 U.S. at 555, 557).

## III.    Analysis

### A.       Injunctive Relief Claims

A case, or portion thereof, becomes moot when events occur which resolve the

controversy underlying it.  *Burke v. Barnes*, 479 U.S. 361, 363 (1987).  Generally, an inmate's

release from prison or transfer to another prison moots his request for injunctive relief.  *See*

*Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's § 1983 claims for

injunctive relief became moot after he was transferred to another facility).  Here, Plaintiff seeks

various forms of injunctive relief.  The record reflects, however, that less than two months after

Plaintiff filed the complaint, he filed a notice of change of address indicating his transfer from

LLCC to LAC.  His request for injunctive relief, therefore, is moot.  *See Moore v. Curtis*, 68 F.

App'x 561, 562 (6th Cir. 2003) (concluding in a case brought under 42 U.S.C. § 1983, RA, and

ADA that prisoner's transfer mooted his request for injunctive and declaratory relief) (citing

*Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)).

### B.       Damages Claims

#### 1.       RA and ADA

The Court will allow Plaintiff's RA and ADA claims to proceed against Defendants

Schofield, Lembke, and Jordan.

### 2. 42 U.S.C. § 1983

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### a. Official-Capacity Claims

##### i. Defendants WellPath, Patterson, and Richards

Plaintiff sues WellPath and its employees, Patterson and Richards, in their official capacities. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Patterson and Richards are actually against WellPath. *See, e.g.*, *Smith v. Davis*, No. 5:17-CV-P187-GNS, 2018 WL 1341694, at *5 (W.D. Ky. Mar. 14, 2018) (finding official-capacity claim against an employee of Correct Care Solutions (CCS) to be against CCS itself); *Prather v. Correct Care Sols.*, No. 3:16-CV-P60-JHM, 2016 WL 2903288, at *4 (W.D. Ky. May 18, 2016) (same).

Municipal-liability analysis applies to § 1983 claims against private corporations like WellPath. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (quoting *Harvey v. Harvey*, 949 F. 2d 1127, 1129 (11th Cir. 1992) ("*Monell* involved a municipal corporation, but

every circuit to consider the issue has extended the holding to private corporations as well.")).

WellPath cannot be held liable on a respondeat superior basis for the actions of its employees.

*Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001); *Ruley v. S. Health*

*Partners*, No. 4:10-CV-P34-M, 2011 WL 2214998, at *4 (W.D. Ky. June 6, 2011). Liability

must be based on a policy or custom of the contracted private entity or "the inadequacy of [an

employee's] training."  *Street*, 102 F.3d at 817; *see also Starcher*, 7 F. App'x at 465 ("CMS's

[Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused

a deprivation of [plaintiff's] Eighth Amendment rights.").

Plaintiff fails to allege any policy or custom of WellPath or an inadequacy of its

employees' training that caused any harm.  As such, the Court will dismiss Plaintiff's claims

against WellPath[3] and the official-capacity claims against Defendants Patterson and Richards for

failure to state a claim upon which relief may be granted.

### ii.        KDOC and LLCC Defendants

The claims brought against the KDOC and LLCC Defendants in their official capacities

are deemed claims against the Commonwealth of Kentucky.  *See Kentucky v. Graham*, 473 U.S.

159, 166 (1985).  State officials sued in their official capacities for money damages are not

"persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71

(1989).  Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages

against the state Defendants in their official capacities.  *Graham*, 473 U.S. at 169.  Therefore,

Plaintiff's official-capacity claims for damages against the KDOC and LLCC Defendants will be

---

[3] To the extent Plaintiff may also be asserting a state-law negligence claim against WellPath, he fails to allege
sufficient facts to state such a claim.

dismissed for failure to state a claim upon which relief may be granted and for seeking monetary

relief from Defendants who are immune from such relief.

#### b.        Individual-Capacity Claims

#### i.        Denial of Medical Treatment

Plaintiff alleges that he was denied requests for various medical treatment.  The Court

will allow an Eighth Amendment claim for deliberate indifference to serious medical needs to

proceed against Defendant Patterson.

As to Defendant Richards, Plaintiff fails to mention any facts involving him and,

therefore, fails to state a claim upon which relief may be granted against him.  The Court,

however, will allow Plaintiff to file an amended complaint to provide detailed facts regarding

how Defendant Richards and any other persons in their individual capacities allegedly denied

him medical treatment.  *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (allowing

for amendment).

#### ii.       Classification, Program Participation, and Sentencing Credit

Plaintiff alleges constitutional violations when Defendants Plappert, Lembke,

Bowersock, and Tracy classified him as medium custody and when Defendant Heilman denied

his request to participate in the Inside Out Dads program which precluded him from earning

sentencing credits.

Prisoners, however, have no constitutional right to a particular classification or to be

eligible for certain rehabilitation programs under the Fourteenth Amendment.  *Moody v. Daggett*,

429 U.S. 78, 88 n.9 (1976) (explaining that prisoner classification and eligibility for

rehabilitation programs are not subject to constitutional protections); *Carter v. Corr. Corp. of*

*Am.*, No. 98-6336, 1999 WL 427352, at *1 (6th Cir. June 15, 1999) ("[P]risoners have no

constitutionally cognizable right to rehabilitative programs.") (citations omitted); *Griffin v.

Kallen*, 791 F.2d 933, at *1 (6th Cir. 1986) (per curiam) (unpublished table decision) ("[A]

prisoner has no constitutional entitlement to a particular classification or to any particular

eligibility for rehabilitative programs."). Likewise, "[a] Kentucky inmate possesses no inherent

constitutional right . . . to accumulate good time credits." *Grinter v. Knight,* 532 F.3d 567, 575

(6th Cir. 2008) (citation and internal quotation marks omitted). Therefore, Plaintiff cannot state

a constitutional claim based on being denied a certain classification, participation in a

rehabilitative program, or the opportunity to earn sentence credits.

### iii.    Failure to Protect/Unsafe Conditions

The Court will allow Plaintiff's Eighth and Fourteenth Amendment failure-to-protect/

unsafe-conditions claims and state-law negligence claim to proceed against Defendant

Bowersock.

### iv.    Institutional Mail

Plaintiff alleges a due process violation when he was prohibited from using legal mail as

a way to send time-sensitive institutional mail. "The Fourteenth Amendment's Due Process

Clause protects persons against deprivations of life, liberty, or property; and those who seek to

invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson

v. Austin*, 545 U.S. 209, 221 (2005). Here, Plaintiff fails to identify any life, liberty, or property

interest implicated in being denied the use of legal mail to send institutional mail. He further

fails to allege a circumstance that "imposes atypical and significant hardship on the inmate in

relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484–86

(1995). Accordingly, Plaintiff fails to state a due process claim.

- 10 -

### v.      Personal Use of LexisNexis

Plaintiff alleges that LLCC Defendants denied him "and all inmates at LLCC the right to

the Courts by not allow Inmates to research their own issues using Lexis Nexis."  To state a

claim of denied access to courts, a prisoner must "demonstrate that the alleged shortcomings in

the library or legal assistance program hindered his efforts to pursue a [non-frivolous] legal

claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  In other words, a plaintiff must demonstrate

an actual injury. *Id.*  He must show, "for example, that the inadequacy of the prison law library

or the available legal assistance caused such actual injury as the late filing of a court document or

the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416

(6th Cir. 1996); *Lewis v. Casey*, 518 U.S. at 356 (advising that no actual injury occurs without a

showing that such a claim "has been lost or rejected, or that the presentation of such a claim is

currently being prevented").  Plaintiff fails to allege any injury to past or present litigation as a

result of not having confidential personal access to LexisNexis and, therefore, fails to state a

constitutional claim of denied access to courts.

### vi.      Grievances

Plaintiff contends that Defendant Moon is unfamiliar with the grievance policy, and he

indicates that numerous Defendants denied or rejected his grievances and their appeals.  He fails,

however, to state a claim of constitutional dimension with respect to these allegations.  "[T]here

is no inherent constitutional right to an effective prison grievance procedure." *Argue v.

Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases).  Further, "[t]he mere denial of a

prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*,

73 F. App'x 839, 841 (6th Cir. 2003); *Grinter*, 532 F.3d at 576 (quoting *Shehee v. Luttrell,* 199

F.3d 295, 300 (6th Cir. 1999) ("The 'denial of administrative grievances or the failure to act' by

prison officials does not subject supervisors to liability under § 1983.")).  Plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances.  *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.").  Thus, the claims regarding Defendants' involvement in the grievance process will be dismissed.

## IV.    Conclusion and Order

For the reasons above, on initial review of the complaint, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1.    **The following claims shall proceed for further development**:  the RA and ADA claims against Defendants Schofield, Lembke, and Jordan; the § 1983 Eighth Amendment claim for deliberate indifference to serious medical needs against Defendant Patterson in her individual capacity for damages; and the § 1983 Eighth and Fourteenth Amendment failure-to-protect/unsafe-conditions claims and state-law negligence claim against Defendant Bowersock in her individual capacity for damages.

2.    All remaining claims are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1) and/or for seeking monetary relief from Defendants immune from such relief pursuant to 28 U.S.C. § 1915A(b)(2).

3.    The **Clerk of Court is DIRECTED to terminate** the following Defendants from this action: WellPath, Plappert, Tracy, Kenney, Heilman, and Moon.

4.      Within **30 days** from entry of this Memorandum Opinion and Order, **Plaintiff**

**may file an amended complaint** to provide detailed facts regarding how Defendant Richards

and any other persons in their individual capacities allegedly denied him medical treatment.  **The**

**Clerk of Court is DIRECTED** to write the instant case number and "Amended" on a § 1983

complaint form and send it to Plaintiff for his use should he choose to file an amended

complaint.

The Court will conduct an initial review of the amended complaint pursuant to 28 U.S.C.

§ 1915A.  Should Plaintiff file no amended complaint within 30 days, the Court will enter a

Service and Scheduling Order to govern the development of the continuing claims.

This the 29th day of June, 2020.

*Claria Horn Boom*

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
A958.005