UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TIMOTHY NOLAN )
 )
    Plaintiff, ) Civil Action No. 3:19-CV-P935-CHB
 )
v. )
 )
DAWN PATTERSON *et al.*, ) **MEMORANDUM OPINION AND**
 ) **ORDER**
    Defendants. )
 )

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on a Motion to Dismiss filed by Defendant Dawn Patterson (hereinafter "Defendant"). [R. 13] Plaintiff Timothy Nolan (hereinafter "Plaintiff") filed a Response [R. 21], and Defendant replied [R. 23]. The matter is now ripe for decision. For the following reasons, Defendant's Motion to Dismiss will be denied.

## I. BACKGROUND

This is a *pro se* prisoner civil-rights action. Plaintiff is incarcerated at Lee Adjustment Center in Beattyville, Kentucky. [R. 3] Upon review of the Complaint pursuant to 28 U.S.C. § 1915A, the Court allowed an Eighth Amendment claim for denial of medical treatment to proceed against Defendant in her individual capacity as a nurse employed by Wellpath at the Luther Luckett Correctional Complex ("LLCC"). [R. 4] The Court also allowed Plaintiff to file an amended complaint to provide additional detailed factual allegations regarding how any other persons in their individual capacities allegedly denied Plaintiff medical treatment. [R. 4, p. 13]. Plaintiff filed his first Amended Complaint. [R. 12] Defendant now moves to dismiss the Complaint and Amended Complaint against her. [R. 13]

Plaintiff alleges that he is 73 years old and "has a history of having a lot of medical

problems, including cancer, pituitary tumor, obesity, MI with stents, hypertension, tinnitus, etc . . . ." [R. 1, p. 3 (ellipsis in original); *accord* R. 12, p. 3] He reports that he made requests for various referrals and tests based on numerous medical conditions and that those requests have been denied. [R. 1, p. 3; R. 12, p. 3] Specifically, he reports seeking referrals to an endocrinologist, an orthopedic surgeon, a dermatologist, a cardiologist, and a urologist and further reports requesting an MRI, screening for cancer, a colonoscopy, and a C-pap, and "those requests were refused." [R. 1, pp. 3–5; R. 12, pp. 3–4] For example, Plaintiff alleges that he "requested to be seen by a cardiologist but was subsequently denied by Wellpath nurse, Dawn Patterson, who stated the circulatory system and heart were two different matters. Dawn Patterson then informed him he needed to pick which matter he wanted to be seen for." [R. 12, p. 3] He asserts that he informed her of his previous heart attack where he required two stents. *Id.*

He further reports that he went to see "health administrator, [Defendant Nurse] Patterson, four (4) times, which during the first three, she was on vacation, sick or off work. The fourth time, she was in but stated that she did not want to discuss [his] problems." [R. 1, p. 5] Plaintiff reports filing a grievance, to which Defendant responded "that there was too many issues, this will need to go back to the grievance office." *Id.* Plaintiff's Amended Complaint recites much of the same allegations with respect to Defendant as his original Complaint. [R. 12]

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light

most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

In addition, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The duty to be less stringent with *pro se* complainants, however, does not require the Court to "abrogate basic pleading essentials," *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor to create a claim for a *pro se* plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

### III. ANALYSIS

Defendant moves to dismiss Plaintiff's complaint and amended complaint against her, arguing that § 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance. [R. 13, p. 4] Defendant contends that the entirety of Plaintiff's allegations against her involve his disagreement with her decision as Health Services Administrator to reject his healthcare grievance requesting various referrals to outside providers. *Id.* Defendant maintains that there is no allegation that Plaintiff was prevented from seeing healthcare providers at the prison; instead, his requests to see "outside" providers were denied. *Id.* at 5. Defendant asserts that Plaintiff's Eighth Amendment claims should be against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *Id.* (citing *Skinner v. Govorchin*, 463

F.3d 518, 525 (6th Cir. 2006)). Accordingly, Defendant argues that because Plaintiff's allegations against her are based solely upon her involvement as Health Services Administrator in the healthcare grievance process, her refusal to grant his healthcare grievance does not state a claim upon which relief can be granted. [R. 13, p. 5] In her Reply, Defendant also states that as the then-acting Health Services Administrator, she "neither took part in providing care to Plaintiff nor directed the care provided by the providers."[1] [R. 23, p. 2].

### A. Grievance Claim

Upon review of the complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed the individual capacity claims against *all* Defendants regarding Plaintiff's claims that numerous Defendants denied or rejected his grievances and the appeals. [R. 4, pp. 11–12]. The Court recognized then, as it does now, that "there is no inherent constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). Having already dismissed Plaintiff's grievance claim against Defendant, the motion to dismiss on this ground is moot.

### B. Deliberate Indifference to Medical Need

"The Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference to the prisoner's serious medical needs." *Dudley v. Streeval*, No. 20-5291, 2021 WL 1054390, at *3 (6th Cir. Feb. 8, 2021) (internal quotation marks omitted) (quoting *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004)). "A claim for denial of adequate medical care has an objective and a subjective component." *Id.* To satisfy the objective element of a deliberate indifference claim, a plaintiff must allege "a serious medical need, which is 'one that has been diagnosed by a

---

[1] Nothing in the Amended Complaint or the attached Exhibits to the Amended Complaint support this factual statement by Defendant.

physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Martin v. Warren County*, 799 F. App'x 329, 338 (6th Cir. 2020) (internal quotation marks omitted) (quoting *Jones v. Muskegon County*, 625 F.3d 935, 941 (6th Cir. 2010)). To satisfy the subjective component of the deliberate indifference test, a plaintiff must allege "that the defendant possessed a sufficiently culpable state of mind in denying medical care." *Winkler v. Madison County*, 893 F.3d 877, 891 (6th Cir. 2018) (quoting *Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009)) (internal quotation marks omitted). "A defendant has a sufficiently culpable state of mind if he 'knows of and disregards an excessive risk to inmate health or safety.'" *Winkler*, 893 F.3d at 891 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Here, Plaintiff alleges that he suffers from several severe medical conditions, including a severe heart condition, of which Defendant is aware. [R. 12, p. 2–3] He states that while confined at LLCC, he repeatedly requested follow-up appointments with outside medical specialists as directed by previous medical providers. *Id.* Plaintiff claims that, in disregard of the instructions from his specialists, Defendant and others refused to provide access to the medical care, and, as a result, his conditions are not being addressed and potentially worsening. *Id.* Additionally, Plaintiff alleges that Defendant is Wellpath's Health Services Administrator at the LLCC. *Id.* at 4. As such, a reasonable inference can be drawn that she is in a position to know about Plaintiff's specific medical circumstances, including recommendations from previous medical providers regarding necessary follow-up appointments and tests with outside clinicians. Finally, contrary to Defendant's argument, Plaintiff alleges that Defendant *directly* participated in the acts or failures to act of which he complains and, thus, displayed a deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. *Id.* at 3.

When taken as true, Plaintiff's allegations regarding the denial of adequate medical care are sufficient to support the plausibility standard of *Twombly* and *Iqbal*. While Plaintiff's Eighth Amendment claim may not ultimately survive summary judgment, Plaintiff's complaint contains sufficient allegations to survive Defendant's current Motion to Dismiss.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [R. 13] is **DENIED**.

This the 14th day of July, 2021

*signature*

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:  Plaintiff, *pro se*
     counsel of record