UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TIMOTHY NOLAN,      )
            )
  Plaintiff,      )  Civil Action No. 3:19-CV-P935-CHB
            )
v.           )
            )  **MEMORANDUM OPINION AND**
DAWN PATTERSON *et al.*,   )  **ORDER GRANTING DEFENDANTS'**
            )  **MOTIONS TO DISMISS**
  Defendants.     )

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Motions to Dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure filed by Defendants Scott Jordan, Paul Lembke, Jennifer Bowersock, and Emily Scholfield (collectively, the "KDOC Defendants") [R. 45] and by Defendant Dawn Patterson.  [R. 46].  Plaintiff Timothy Nolan, a state inmate proceeding *pro se*, did not file a response to either Motion.  For the reasons that follow, Defendants' Motions to Dismiss will be granted.

**I.**

Plaintiff filed this action complaining about his detention at the Luther Luckett Correctional Complex.  On preliminary review of the Complaint [R. 1] and Amended Complaint [R. 12] pursuant to 28 U.S.C. § 1915A, the Court allowed the following claims to proceed: (1) claims under the Rehabilitation Act of 1978 and the Americans with Disabilities Act against Defendants Scholfield, Lembke, and Jordan; (2) a 42 U.S.C. § 1983 Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs against Defendant Patterson in her individual capacity for damages; and (3) § 1983 Eighth and Fourteenth Amendment failure-to-protect/unsafe-conditions claims and state-law negligence claims against Defendant Bowersock

in her individual capacity for damages.  [R. 4; R. 27].  By Order entered December 14, 2021 [R. 41], the Court granted Defendants Jordan, Lembke, Bowersock, and Scholfield's timely Motion to Amend the original Scheduling Order [R. 27] to extend the discovery deadline and all subsequent deadlines.  In the Amended Scheduling Order, the Court directed Plaintiff (1) no later than January 4, 2022, to provide counsel for Defendants any records relevant to his claims and to file a certification that production is complete; and (2) no later than February 3, 2022, to file a pretrial memorandum explaining in detail all facts on which he bases his claims against Defendants.  [R. 41, p. 2].  The Court directed that all dispositive motions be filed no later than March 7, 2022.  [*Id.*].  Further, the Court advised that a motion requesting an extension of the scheduling deadlines must be filed with the Court before any such deadline expires.  [*Id.*].  Finally, the Court warned Plaintiff that his failure to comply with the Amended Scheduling Order or any subsequent order of the Court could result in dismissal of this case.  [*Id.* at 3].

After Plaintiff's failure to comply with the Amended Scheduling Order, Defendants filed their Motions to Dismiss [R. 45; R. 46], and Plaintiff failed to respond to either Motion. Defendants argue that dismissal is appropriate because Plaintiff failed to meet the deadlines for filing a certification that discovery is complete and for filing his pretrial memorandum, failed to provide any basis for noncompliance, and failed to move for an extension of time to meet those deadlines; that Plaintiff's failure to comply has severely prejudiced their ability to defend this action and prevented them from resolving this case in a timely manner; and that Plaintiff was warned that failure to comply could lead to dismissal.  [R. 45, p. 4; R. 46, pp. 4-6].  Defendants also indicate that Plaintiff is not a typical *pro se* prisoner litigant but is a former attorney and

former state court judge,[1] and as such, he would understand the importance of complying with orders, meeting deadlines, and requesting extensions.  [R. 45, p. 4; R. 46, pp. 5-6].

## II.

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).[2]  "There are competing concerns which guide whether a court should dismiss an action for failure to prosecute."  *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).  "On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims."  *Id.* (citing *Nealey v. Transp. Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980)).  "On the other hand is the policy which favors disposition of cases on their merits."  *Id.*

The Sixth Circuit has held that in considering whether to dismiss an action under Rule 41(b), a court must look to the following four factors for guidance:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  "'Although typically none of the factors

---

[1] To her motion to dismiss, Defendant Patterson attached a Kentucky Bar Association (KBA) member directory page for Plaintiff showing that Plaintiff was a member of the KBA from 1973 until his membership was suspended based upon his criminal conviction in Campbell Circuit Court Case No. 17-CR-0487.  [R. 46-1, Ex. A].

[2] Defendant Patterson also cites to Rule 16(f)(1)(C) as a basis for dismissal as it authorizes dismissal if a party "fails to obey a scheduling order or other pretrial order."  Fed. R. Civ. P. 16(f)(1)(C); *see also* Fed. R. Civ. P. 37(b)(2)(A)(v) ("dismissing the action in whole or in part").

is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.* (quoting *Knoll*, 176 F.3d at 363).

"To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the plaintiff's conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). Here, as indicated above, Plaintiff failed to comply with the Court's Amended Scheduling Order [R. 41] by failing to provide counsel for Defendants records relevant to his claims and filing a certification with the Court that production is complete by the January 4, 2022, deadline and by failing to file a pretrial memorandum explaining in detail all facts on which he bases his claims against Defendants by the February 3, 2022, deadline. He also failed to file a motion for extension of those deadlines. In fact, the record reflects that Plaintiff has taken no action in this case since September 30, 2021,[3] when he filed a copy of a letter he sent to counsel for the KDOC Defendants advising that he had no objection to counsel's notice to obtain records. [R. 34].

With respect to the second factor, Defendants argue Nolan's actions have severely prejudiced Defendants' ability to defend this action and have prevented them from resolving this

---

[3] Under the "prison mailbox rule," a *pro se* prisoner's filing is deemed filed when it is handed over to prison officials for mailing to the court. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008); *Riddle v. Mackie*, No. 1:15-CV-623, 2015 WL 4879018, at *1 (W.D. Mich. Aug. 10, 2015) ("The prison mailbox rule has its origins in federal law and [applies] to state prisoners filing documents in federal court.") (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). While Plaintiff does not indicate when he handed his filing over to prison officials for mailing, he signed it on September 30, 2021, and the Court will use that date as the filing date. *Brand*, 526 F.3d at 925 ("Cases expand the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint.").

case in a timely manner.  [R. 45, p. 4; R. 46, pp. 4-6].  The Court agrees and finds that the second factor weighs in favor of dismissal.

Regarding the third factor, the Court warned Plaintiff that his failure to comply with the Amended Scheduling Order could result in a dismissal of this case.

Finally, as to the fourth factor, no less drastic sanction can be imposed because Plaintiff, a former state court judge clearly aware of the ramifications of his inaction, has chosen not to participate.

The Court, therefore, finds that, for all intents and purposes, Plaintiff has abandoned any interest in prosecuting this action, warranting dismissal of this case.

## III.

For these reasons, **IT IS ORDERED** that the KDOC Defendants' and Defendant Patterson's motion to dismiss pursuant to Rule 41(b) [R. 45; R. 46] are **GRANTED**.

The Court will dismiss the action by separate Order.

This the 27th day of April, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:     Plaintiff, *pro se*
        Counsel of Record
A958.005

5